# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# (Johnstown)

IN RE:

SOMERSET REGIONAL WATER RESOURCES, LLC,

      Debtor.

SOMERSET REGIONAL WATER RESOURCES, LLC,

      Plaintiff,

    v.

SCE ENVIRONMENTAL GROUP, INC.,

      Defendant.

Bankruptcy No. 15-70766-JAD

Chapter 11

Adversary No.

Document No.

## COMPLAINT FOR TURNOVER OF PROPERTY TO THE ESTATE PURSUANT TO 11 U.S.C. SECTION 542

AND NOW, comes Somerset Regional Water Resources, LLC by and through its Counsel, Robert O Lampl, John P. Lacher and David L. Fuchs, and files this Complaint for Turnover of Property to the Estate Pursuant to 11 U.S.C. Section 542 as follows:

### PARTIES

1. The Plaintiff is Somerset Regional Water Resources, LLC (hereinafter SRWR) the Debtor in the above Chapter 11 case.

2. The Defendant is SCE Environmental Group, Inc., (hereinafter SCE), having its principal place of business at 1380 Mount Cobb Road, Jefferson Township, Pennsylvania, 18436.

## **JURISDICTION**

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 157 (a), 1334, 11 U.S.C. Sections 105 and 542, Federal Rule of Bankruptcy Procedure 7001 and the Order of the United States District Court for the Western District of Pennsylvania referring all matters relating to pending bankruptcy cases to the Bankruptcy Court for the Western District of Pennsylvania.

## **COUNT I:  TURNOVER**

4. SRWR was hired as a subcontractor by SCE to perform, among other things, certain demolition work on a project known as the Interstate Distribution Center Pittston, Pennsylvania (hereinafter the Project).  A true and correct copy of the Subcontract Agreement is attached hereto and incorporated herein as Exhibit "A".

5. Beginning on October 18, 2014 through December 4, 2015, SRWR completed its work on the Project in accordance with its subcontract agreement with SCE, however, SCE has failed and refused to make full payment for the work completed by SRWR.

6. The balance due and owing from SCE to SRWR is $847,722.68 as of December 4, 2015.

WHEREFORE, SRWR requests this Honorable Court to enter a judgment against SCE Environmental Group, Inc. and in favor of SRWR, in the amount of $847,722.68 together with interest, costs, attorney's fees and any other relief deemed appropriate by this Honorable Court.

## COUNT II:  BREACH OF CONTRACT

7.  SRWR hereby incorporates paragraphs 1 through 6 above as if set forth at length herein.

8.  SRWR and SCE entered into a subcontract agreement, whereby SRWR would perform, among other things, certain demolition work on the Project in exchange for payment from SCE.

9.  At all times relevant hereto, SRWR completed the work per the terms of the subcontract agreement in a timely and workmanlike manner.

10. SRWR submitted invoices to SCE for the work completed on the Project. A copy of the outstanding invoices are attached hereto and incorporated herein as Exhibit "B".

11. SCE has failed to make payment to SRWR for work completed on the Project which to date totals $847,722.68.

12. SCE's failure and refusal to pay SRWR for the work it completed on the Project constitutes a breach of contract.

13. As a result of SCE's breach, SRWR sustained financial damage and, as a Chapter 11 Bankruptcy Debtor, the bankruptcy estate has been deprived of an asset.

WHEREFORE, SRWR requests this Honorable Court enter judgment in favor of SRWR and against SCE Environmental Group, Inc. for in the amount of $847,722.68 together with interest, costs, attorneys' fees and any other relief deemed appropriate by this Honorable Court.

## **COUNT III:  CONTRACTOR AND SUBCONTRACTOR PAYMENT ACT CLAIMS 73 P.S. §501 *ET SEQ.***

14. SRWR hereby incorporates paragraphs 1 through 13 above as if set forth at length herein.

15. SCE is a "contractor" pursuant to the terms of the Contractor and Subcontractor Payment Act 73 P.S. §501 *et seq.* (hereinafter the "Act").

16. SRWR is a "subcontractor" pursuant to the terms of the Act.

17. Pursuant to 73 P.S. §504 SRWR's performance of work on the Project in accordance with the terms of the subcontract agreement entitles it to payment from SCE.

18. As a result of SCE's failure to make prompt payment as required by the Act, SRWR is entitled to the remedies set forth under Sections 505 and 512 of the Contractor and Subcontractor Payment Act.

19. Pursuant to 73 P.S. §505, SRWR is entitled to recover interest at the rate of 1% per month until it has been paid in full.

20. Pursuant to 73 P.S. §512(a), SRWR is entitled to recover a penalty at the rate of 1% per month of the amount that SCE has wrongfully withheld.

21. Additionally, pursuant to 73 P.S. §512(b), SRWR is entitled to an award of reasonable attorneys' fees and expenses incurred to collect the amount wrongfully ithheld by SCE.

WHEREFORE, SRWR requests that this Honorable Court enter judgment in favor the SRWR and against SCE Environmental Group, Inc. in the amount of $847,722.68 plus interest, penalty, costs of suit, and reasonable attorneys' fees.

## **UNJUST ENRICHMENT**

22. SRWR hereby incorporates paragraphs 1 through 21 above as if set forth at length herein.

23. SRWR conferred benefits upon SCE by providing labor and materials for the Project.

24. SCE appreciated the benefit of SRWR's work on the Project as the work was completed per the terms of the subcontract agreement.

25. SCE accepted and retained SRWR's completed labor and supplied materials on the Project.

26. SCE wrongfully withheld payment from SRWR for the materials and labor rendered on the Project.

27. SCE's failure to pay SRWR for its completed work on the Project is inequitable.

28. As it would be unjust and inequitable for SCE to retain such benefits conferred upon it by SRWR, SRWR is entitled to restitution of all monies retained by SCE.

WHEREFORE, SRWR requests this Honorable Court enter judgment in favor of SRWR and against SCE Environmental Group, Inc. for in the amount of $847,722.68 together with interest, costs, attorneys' fees and any other relief deemed appropriate by this Honorable Court.

Dated:  <u>January 19, 2016</u>                              Respectfully Submitted,


<u>/s/ David L. Fuchs</u>
ROBERT O LAMPL
PA I.D. #19809
JAMES R. COONEY
PA I.D. #32706
DAVID L. FUCHS
PA I.D. #205694
RYAN J. COONEY
PA I.D. #319213
960 Penn Avenue, Suite 1200
Pittsburgh, PA  15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email:  rlampl@lampllaw.com

*Counsel to the Debtor*